UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORMA BETESH,

                        Plaintiff,

           -against-

ONIA, LLC and NATHAN ROMANO

                     Defendants.

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:                           │
│ DATE FILED:  10/12/2021          │
└─────────────────────────────────┘
```

20 Civ. 9770 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

       Plaintiff, Norma Betesh, brings this action against Defendants Onia, LLC and Nathan Romano, raising claims for, *inter alia*, unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and parallel state law claims under the New York Labor Law ("NYLL"), § 190 *et seq.*, discrimination and retaliation under Title VII of the Civil Rights Act ("Title VII"), the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107, and breach of contract and unjust enrichment claims. Compl. ¶¶ 13–15, ECF No. 1. Having reached a settlement (the "Settlement"), ECF No. 31-2, the parties seek the Court's approval of their proposed agreement. *See* Letter, ECF No. 31. For the reasons stated below, the motion is GRANTED.

**DISCUSSION**

I.    Legal Standard

       The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(b). Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and

employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's

fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.    <u>Analysis</u>

The Settlement provides Plaintiff with a recovery of approximately $160,000 to be allocated as follows: $105,417.21 to be paid to Plaintiff, including $60,590.54 for her FLSA and NYLL wage claims, and $44,826.67 in settlement of her emotional distress damages; and $54,582.69 to be paid to Plaintiff's counsel in attorney's fees, costs, and expenses. Settlement ¶¶ 1(a)–(c); *see also* Letter at 4. To ascertain the Plaintiff's best-case scenario for recovery, Plaintiff's counsel conducted extensive interviews with Plaintiff and obtained documents from both parties. Huot Decl. ¶¶ 17–18, ECF No. 31-1; *see generally* Letter at 3. Plaintiff's counsel estimates that Plaintiff's maximum recovery for damages related to her wage claims is approximately $91,963.10, excluding attorney's fees and costs, and including possible recovery for unpaid overtime and commissions, final wages, and statutory damages for wage statement violations. Huot Decl. ¶ 27. Thus, the amount of proposed damages for Plaintiff's wage claims is 65.9% of the possible recovery under Plaintiff's best-case scenario for damages. Huot Decl. ¶ 16. The parties acknowledge that Plaintiff's primary claims are for wage-related disputes— Plaintiff claims that she was not paid the overtime and commissions she was due, and Defendants argue that they compensated Plaintiff adequately because she was exempt from the FLSA. Letter at 3–4. The parties note that the fact-intensive nature of the issues in dispute— specifically, the parties' "drastically different assessments" as to the hours Plaintiff worked, and

3

the possible overtime and commissions she is entitled to—would impose a "significant burden"

to litigate further.  Letter at 5.  Additionally, the parties state that the settlement was reached after

exchanging discovery and engaging in a full-day mediation, with both sides represented by

experienced counsel.  *Id.* at 5–6.  The parties further state that there is no possibility of fraud or

collusion.  *Id.*  The Court concludes, therefore, that the Settlement satisfies each of the *Wolinsky*

factors.

The Settlement also contains mutual releases from liability.  Specifically, Defendants are

released only from "all claims raised or that could have been raised in the [l]awsuit arising under

the FLSA, NYLL, Title VII, NYSHRL, NYCHRL, [and] breach of contract."  Settlement ¶ 2.

Similarly, Defendants agree to release "all claims against Plaintiff that they have or could have

had prior to the signing of the [Settlement]."  Letter at 6; *see* Settlement ¶ 4.  The release

provisions as to the Defendants are "limited to the claims at issue in this action," and were

"negotiated by competent counsel for both sides."  *Cionca v. Interactive Realty, LLC*, No. 15

Civ. 5123, 2016 WL 3440554, at *3–4 (S.D.N.Y. June 10, 2016) (citation omitted).  The Court,

accordingly, finds these provisions "fair and reasonable."  *Cheeks*, 796 F.3d at 206.

Turning to attorney's fees and costs, Plaintiff's counsel seeks a fee of approximately one-

third of the settlement proceeds plus costs, in the amount of $54,582.69.  Settlement ¶ 1(c).  The

Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it

"directly aligns the interests of [Plaintiff] and [his] counsel."  *Wal-Mart Stores, Inc. v. Visa

U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (citation omitted).  Contingency fees of one-third in

FLSA cases are routinely approved in this Circuit.  *Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ.

4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases).  As a check on the

reasonableness of attorney's fees, however, courts still calculate the "lodestar" amount, which is

4

the "product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11. Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (citation omitted).

Plaintiff's counsel has submitted detailed contemporaneous time records that document the work performed by members of Faruqi & Faruqi LLP and Tilton Beldner LLP in connection with this matter.  ECF Nos. 31-5, 31-6.  Based on these records, the lodestar in connection with this matter amounts to $112,035, reflecting a total of 279.1[1] hours expended—28.3 of which were expended by paralegals.  *See* Letter at 7–8; Huot Decl. ¶ 38; ECF No. 31-5.  Plaintiff's counsel demonstrates that the billing rates used for the various partners, associates, and support staff in this matter have been approved by courts in this Circuit, including in prior cases involving Plaintiff's counsel.  Letter at 8–9.  Although the records reflect more time expended than might be expected of an ordinary FLSA case, Plaintiff's allegations also involved discrimination claims, and she moved for collective certification of her FLSA claims, which took up a significant portion of her counsel's efforts.  *See Santos v. Yellowstone Props., Inc.*, No. 15 Civ. 3986, 2016 WL 2757427, at *4 (S.D.N.Y. May 10, 2016) (concluding 203.4 hours expended on FLSA matter involving discrimination claims was reasonable).  The Court, therefore, concludes that the hours expended by Plaintiff's counsel in this matter are reasonable.

The attorney's fees requested amount to a negative multiplier of 0.47 of the proffered lodestar.  Letter at 7.  In other words, Plaintiff's counsel will recover an award of attorney's fees that is less than the lodestar amount.  Courts in this district have found similar awards to be fair and reasonable.  *See Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302, 2019 WL 95638,

---

[1] Plaintiff's filings appear to include a calculation error specifying the total number of hours worked as 330.50.  *E.g.* ECF No. 31-4.  The Court calculated the total hours as 279.1 by adding together the hours billed by each employee individually.

at *3 (S.D.N.Y. Jan. 2, 2019) (collecting cases showing that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." (citation omitted)); *see also Caprile v. Harabel Inc.*, No. 14 Civ. 6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015) (approving payment of one-third of settlement amount to plaintiffs' counsel where that amount was "considerably less than the lodestar and consistent with the reasonable needs of the lawsuit"). The Court, accordingly, finds that the requested award of attorney's fees is fair and reasonable.

Finally, Plaintiff's counsel has submitted a declaration attesting to the costs incurred in this action, amounting to $1,874.04. Huot Decl. ¶¶ 49–50. Upon review, the Court finds these costs to be adequately documented, reasonable, and of the type commonly reimbursed by courts in this Circuit, including filing fees, costs in connection with mediation and serving defendants with process, and costs associated with discovery and legal research. *Browder v. Advertisement Carriers Enters., Inc.*, No. 15 Civ. 5594, 2016 WL 7031608, at *5 (S.D.N.Y. Nov. 30, 2016).

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is GRANTED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: October 12, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge